IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **ISMAEL B. SALEEM,** | ) |
| | ) |
| | ) CIVIL ACTION NO: |
| **Plaintiff,** | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| **CINTAS CORPORATION NO. 2** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

Plaintiff, Ismael B. Saleem ("Saleem" or "Plaintiff"), by counsel, for his Complaint against Defendant, Cintas Corporation No. 2 ("Cintas" "Defendant"), alleges as follows:

### I. THE PARTIES

1. Plaintiff Saleem is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Norfolk, Virginia.

2. Defendant Cintas is full-service uniform and facility-services company that processes, distributes and delivers corporate identity work uniforms to customers throughout the United States, including the Commonwealth of Virginia.

### II. JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331.

4. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to instituting this suit, Saleem formally filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on or about November 9, 2022.  A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically claims racial and religious based discrimination in violation of Title VII of the Civil Rights Act of 1964.

6. The EEOC failed to resolve the claim and issued a right-to-sue letter dated February 21, 2024.  A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B."  Plaintiff has filed his complaint within 90 days from the date he received his notice authorizing the right to bring this action.

### IV.  STATEMENT OF FACTS

7. This case arises under Title VII of the Civil Rights Act as amended.

8. Saleem is an African-American male who is a practicing Muslim and an Imam at the Masjid William Salaam Mosque in Norfolk, Virginia.

9. Saleem began employment with Cintas in July 2004 as a Service Sales Representative ("SSR").

10. In 2016 Saleem was promoted to Service Manager.

11. This was the most recent of multiple Promotions Saleem earned while employed by Cintas.

12. In addition, throughout his time with Cintas, Saleem was always recognized for his hard work and consistently satisfactory work performance.  Throughout 2021 and as recently as July 2022, Saleem received specific merits recognizing his satisfactory and above work performance.

13. In or about early December 2020, Cintas appointed a new General Manager ("GM"), Danny Noland ("Noland") (a Caucasian male).

14. At the time of his assuming duties as GM, Noland had approximately ten managers working below him – eight (8) African-American and two (2) Caucasian.

15. Within a short period of time, Noland had fired, demoted or caused to resign all but one (Saleem) of the African-American managers and replaced them with Caucasian managers.

16. Prior to Noland's arrival, Saleem had established a working agreement wherein he would take time off on Fridays (at or about mid-day) to attend and lead religious ceremonies at his Mosque. Cintas' management was aware of Saleem's requested accommodation regarding his religious needs and had always cooperated with him in this regard.

17. Noland made known that he was less understanding of Saleem's requested accommodations and appeared openly hostile to the Muslim faith. For instance, prior to Noland, Cintas permitted managers to wear beards. Noland changed this policy and suggested all managers be clean shaven. Noland specifically told a coworker of Saleem, "Clint" (an African-American male Muslim) that he would be promoted if he just shaved his beard.

18. In or about late 2021, Noland informed his managers (including Saleem) that Cintas' President would be visiting in the near future and he advised everyone should be clean shaven. At the time, Noland knew Saleem would not shave his beard because of his Muslim faith.

19. Fridays often saw a higher incidence of Cintas employees calling in sick or otherwise unavailable for work. On such occasions, Service Managers, like Saleem, would be charged with taking over drive-routes to make up for the shortage of employees. In or about July 2022, John Lamb ("Lamb"), a Service Manager, told Saleem that he wanted Saleem to "run his route." Saleem told Lamb that he could not run his route because he was about to leave for his religious

ceremony – as he did every Friday.  Upset at Saleem, Lamb told another manager that he was "gonna get [Saleem] fired."

20.     When he heard Lamb's comments from another manager, Saleem attempted to contact Human Resources to explain his side of matters.  Before Saleem could talk with a Human Resources representative, he was informed that he was fired.  At the time of his firing, Saleem was awaiting hearing whether he would be promoted to a New Service Manager position created by Cintas in 2022.

21.     By firing Saleem, Cintas through its decision-makers, intentionally discriminated against him based on his race and religion, and also wrongfully refused to accommodate his religious practices and beliefs.

## IV.  CLAIMS

### COUNT I
Violation of Title VII of the Civil Rights Act of 1964
Religious Discrimination / Failure to Accommodate and Wrongful Termination

22.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as thought fully set forth herein.

23.     Pursuant to Title VII of the Civil Rights Act as amended, an employer may not discriminate against any "individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). "Religion" includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business."  42 U.S.C. § 2000e(j).

24. Title VII makes it "an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977).

25. Saleem timely requested a religious accommodation.

26. In light of the multitude of potential work arrangements that could have accommodated Saleem, there would neither have been an undue hardship nor any hardship at all for Defendant to accommodate Saleem's faith – as it had so accommodated on numerous occasions prior to July 2022.

27. Nevertheless, in an egregious disregard for its obligations under Title VII, Defendant failed to offer any reasonable accommodation for Saleem's religious faith, to accept his requested accommodation, or to engage in conferring on possible accommodations. Instead, it fired him.

28. Defendant refused to engage in a good faith effort to accommodate Plaintiff's faith, and it refused to follow its own previously established policy.

29. But despite knowing the obligations it owed to Plaintiff, Defendant brazenly discriminated against Plaintiff and failed to accommodate his faith, acting with malice and/or reckless indifference to his Title VII rights.

30. Defendant's discrimination and failure to accommodate Plaintiff's religion has caused him a significant level of financial and emotional harm.

31. Because of Defendant's religious discrimination, failure to accommodate, and wrongful termination, Plaintiff suffered loss of income and benefits he would have received from Defendant, loss of other compensatory and out-of-pocket damages, lost back wages, lost future

wages and benefits, emotional damages, compensatory damages, and reasonable attorneys' fees and costs incurred in the matter.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### Racial Discrimination / Wrongful Termination

32. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

33. Defendant discriminated against Plaintiff by subjecting him to disparate treatment as well as terms and conditions of her employment due to his race.

34. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

35. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

36. Plaintiff should be awarded an appropriate amount for loss of earning capacity and future lost wages and benefits of employment.

37. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

## COUNT III
### Violation of 42 U.S.C. § 1981 – Racial Discrimination / Wrongful Termination

38. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

39. Defendant intentionally discriminated against Plaintiff, who is a Black Muslim.

40. Defendant racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's prospective employment relationship with Defendant.

41. Defendant discriminated against Plaintiff in that he was a member of a protected class, an adverse prospective employment action occurred and similarly situated non-Black prospective employees of Defendant were treated differently

42. As a result of the racial discrimination, Defendant deprived Plaintiff of constitutional and statutory rights.

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

44. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

45. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ismael B. Saleem, prays for entry of judgment in favor of Plaintiff and against Defendant, Cintas Corporation No. 2 in the form of the following relief:

     a.     All equitable and legal relief available against Defendant under Title VII and 42 U.S.C. Section 1981, including but not limited to back pay, front pay, actual damages, compensatory damages, consequential damages, punitive damages, pre-judgment interest, and reinstatement of Plaintiff's employment;

     b.     Attorney's fees and court costs associated with this suit under 42 U.S.C. § 1988 (and Title VII / Section 1981); and

     c.     All other relief as may be appropriate to effectuate the purpose of justice.

Date: May 21, 2024                              Respectfully submitted,

                                                ISMAEL B. SALEEM

                                                _____/s/ Todd M. Gaynor_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (75) 257-3674
EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*